**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000086
17-FEB-2015
07:58 AM**

NO. CAAP-12-0000086


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KIMO KAHALA ST. LAURENT, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 11-1-0031)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Kimo Kahala St. Laurent (St. Laurent) appeals from the January 11, 2012 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the Fifth Circuit (Circuit Court).[1]

On appeal, St. Laurent maintains that the Circuit Court erred in denying his Motion to Suppress Evidence. St. Laurent argues that this denial was in error based on the Circuit Court's erroneous finding that the search warrant issued described the subject residence with sufficient particularity and that there was sufficient probable cause to issue the search warrant.

After a careful review of the record, the issues raised and arguments made by the parties, and the applicable authority, we resolve St. Laurent's points on appeal as follows and affirm.

1.    The search warrant was supported by probable cause.

> Under the safeguards of the fourth amendment to the United
> States Constitution and article I, section 7 of the Hawai'i
> Constitution, all arrests and searches must be based upon
> probable cause.

---

[1]    The Honorable Kathleen N.A. Watanabe presided.

> Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. Direct evidence, however, is not necessary for a probable cause determination by the [judge]. The issuance of a search warrant is prohibited except upon a finding of probable cause supported by oath or affirmation.

State v. Navas, 81 Hawai'i 113, 115-16, 913 P.2d 39, 41-42 (1996) (citations and footnotes omitted). The appellate court will review whether the search warrant presented probable cause de novo. Id., at 123, 913 P.2d at 49. Here, there was probable cause to issue the warrant. St. Laurent does not dispute the Circuit Court's findings that on two occasions the police, through the use of a cooperating source (CS), conducted two controlled purchases of methamphetamine from Kaikane Sherman (Sherman) from within the residence located at 2863 Aukoi Street. St. Laurent does not dispute that this information was provided to the issuing judge.

St. Laurent's argument that probable cause was lacking because it "failed to establish any basis from which [officer/affiant] could conclude that . . . Sherman was dealing drugs from his residence" is without merit. The affidavit in support of the application contains the averment that the officer received a tip from her CS that Sherman was distributing methamphetamine from "his residence on Aukoi Street in Līhu'e." In any event, St. Laurent provides no authority for the proposition that, where there is reliable information that the target of the search is conducting hand-to-hand sales of illicit drugs from within a given location, there must also be evidence that the location is his residence to establish probable cause, and we find none.

2. St. Laurent's second point that the affidavit in support of the search warrant contained false information, and without the false information it failed to establish probable cause, is equally without merit. For this point, St. Laurent again relies on his position that Sherman did not "reside" at 2863 Aukoi Street. St. Laurent points to no evidence that the officer/affiant had information, at the time of the submission of

the warrant application, that Sherman did not reside at the target residence. Again, to the contrary, the officer averred that information given to her by her CS was that the target property was Sherman's residence.[2] Nevertheless, as it was not necessary to the determination of probable cause for a warrant to search Sherman or the target property from which Sherman distributed drugs that he live at the residence, the averments regarding his residency could be excised without undermining the sufficiency of the remaining information underlying the finding of probable cause. See State v. Sepa, 72 Haw. 141, 144, 88 P.2d 848, 850 (1991) ("[O]nce a defendant establishes that an affidavit supporting a search warrant contains material misstatements of fact, the reviewing court must determine whether the affidavit's content, with the false material omitted, is sufficient to establish probable cause.")

Based on the foregoing, the January 11, 2012 Judgment of Conviction and Probation Sentence entered by the Circuit Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 17, 2015.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Charles A. Foster,
Deputy Prosecuting Attorney,
County of Kaua'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2] Indeed, even after the hearing on St. Laurent's motion to suppress, this point is unclear. Officer Pia testified that she believed Sherman lived at the residence, and that Marlene Schimmelfenning either lived permanently or "off and on" at the property and that Sherman was residing at the residence with St. Laurent. St. Laurent testified that Sherman would occasionally come over to the Aukoi residence and spend the night. As St. Laurent did not argue before the Circuit Court that information regarding Sherman's residency at the target property was essential to establishing probable cause for the warrant, the court was not asked to resolve this issue.